UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**MALIK TONY,**

    **Plaintiff,**

vs.

**FRANKCRUM 12, INC.,**
**BOUCHER BROTHERS MANAGEMENT, INC.,**

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, MALIK TONY (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, FRANKCRUM 12, INC. ("Defendant" or "employer"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000), exclusive of attorney's fees, interest and costs for discriminatory treatment under the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981") and for violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. The jurisdiction of the Court over this controversy is based upon § 1981.

3. Plaintiff is a male, he was and continues to be, a resident of Miami-Dade County, Florida; and was an employee of Defendant, performing the duties of a Food Service Worker.

4. Defendant, is a for-profit corporation, duly authorized to conduct business in the State of Florida located in South Florida and at all times material hereto was and is engaged in interstate commerce.

5. This Honorable Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in Miami-Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami-Dade County, Florida and payment was due in Miami-Dade County, Florida.

7. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs, and damages.

**FACTUAL ALLEGATIONS**

8. Plaintiff began on or about June 2019 working as a Server for the Defendant.

9. The Plaintiff's immediate supervisor, Miguel ("Miguel"), a White-Hispanic, began engaging in discriminatory behavior against the Plaintiff on the basis of his race through jokes and remarks that were derogatory to Plaintiff's culture and ethnicity.

10. On or about November 2019, Miguel agreed to take the Plaintiff home and took an unwanted picture of the Plaintiff in front of his home.

11. Miguel posted the picture of Plaintiff's home as well as its geographical location into the group chat comprised of all of Plaintiff's colleagues with a statement "Now we know here he lives."

12. Miguel also took a picture of Plaintiff's neighbors and posted it in the chat with the statement "I don't trust these people" as if he did not trust the Plaintiff or his neighbors because of their race and ethnicity.

13. The Plaintiff's colleagues joined in Miguel's harassment of Plaintiff in the group chat.

14. Plaintiff notified his direct Food and Beverage Operation Manger, Julio ("Julio"), regarding Miguel's behavior. As a result, Julio made Miguel delete the geographical pin of the location of the Plaintiff's home that he had sent in the group chat.

15. Miguel also had other employees write false statements in an effort to get the Plaintiff terminated because of his race and ethnicity.

16. Plaintiff advised Manager ("Ben") and Director ("Mike") that the statements employees were writing against him were false accusations as a result of Miguel's animus towards Plaintiff in the workplace.

17. On or about November 7, 2019, Plaintiff filed an HR complaint against Miguel with the HR Manager Edwin Estrada that stated that both Plaintiff's Director ("Jared") and another co-worker ("Christian") were witnesses to the discrimination and were willing to attest to it.

18. Defendant completely disregarded Plaintiff's HR complaint and allowed the discriminatory behavior to continue.

19. Plaintiff's direct Food and Beverage Operation Manager, Julio, spoke directly to Miguel and advised him that what he was doing was wrong and that he needed to cease.

20. Miguel disregarded Julio's request and continued to discriminate against the Plaintiff and make his life at work miserable in every possible way.

21. Plaintiff was threatened with being fired through the group chat by Miguel. Miguel then proceeded to arrange for a secret shopper situation where a customer would provide the employer with a bad report so the Defendant could claim to have cause for terminating Plaintiff. The entire situation was fabricated by Miguel with the intent of getting the Plaintiff fired as a result of race and ethnic based discrimination.

22. Plaintiff was discriminated against by Defendant based on his race, ethnicity, and color.

## COUNT I:
## RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

23. Plaintiff re-adopts each and every factual allegation as stated in Paragraphs 1-22 of this Complaint as if set out in full herein.

24. Plaintiff is a member of a protected class under § 1981.

25. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

26. Such discrimination was based upon the Plaintiff's race in that the Plaintiff would not have been the object of discrimination except for the fact that Plaintiff is Black, African-American male.

27. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that the discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

28. At all time material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

29. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

30. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

31. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling

Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

32. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

33. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney's fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II:
## ETHNICITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this Complaint as if set out in full herein.

35. Plaintiff is a member of a protected class under § 1981.

36. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's ethnicity and subjected the Plaintiff to ethnicity-based animosity.

37. Such discrimination was based upon the Plaintiff's ethnicity in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a Black Male.

38. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of ethnicity was unlawful but acted in reckless disregard of the law.

39. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

40. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

41. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

42. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived Plaintiff of statutory rights under federal law.

43. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

44. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

45. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III:
## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this Complaint as if set out in full herein.

47. Plaintiff is a member of a protected class under § 1981.

48. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under § 1981.

49. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race and ethnicity was unlawful but acted in reckless disregard of the law.

50. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

51. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

52. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

53. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

54. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## WAGE & HOUR FEDERAL STATUTORY VIOLATION OF THE FLSA

55. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

56. This action is brought by Plaintiff to recover from Defendant unpaid wages and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.

57. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

58. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

59. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

60. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

61. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

62. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

63. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

64. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

65. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: October 13, 2021

Respectfully submitted,

/s/ Anthony M. Georges-Pierre
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005